IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **TIMOTHY PIERSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 6:23-cv-798-ACA |
| ) | |
| **413 CABINS, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

In a previous action, Plaintiffs Timothy Pierson, Lisa Pierson, and Wismoga, LLC reached a settlement agreement with Defendants 413 Cabins, LLC and Doug Merryman. The agreement required Defendants to pay Plaintiffs $271,000 in ten installments. After Defendants' first timely payment, the next five payments were late. Plaintiffs filed suit, contending Defendants breached the parties' settlement agreement, and now move for summary judgment on that claim. (Doc. 32).

Defendants concede liability but dispute the amount owed. (Doc. 38). Accordingly, the court **GRANTS** Plaintiffs' motion and **ENTERS SUMMARY JUDGMENT** in their favor. Because the precise amount of damages is uncertain, the court **GRANTS** Plaintiffs leave to file an itemization of their requested damages and **DIRECTS** Defendants to file a response as set out at the conclusion of this memorandum opinion and order. *See infra* at 5–6.

I. **BACKGROUND**

When approaching a motion for summary judgment, the court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022) (quotation marks omitted). Where the parties have presented evidence creating a dispute of fact, the court's description of the facts adopts the version most favorable to the nonmovant. *See id.*; *see also Cantu v. City of Dothan*, 974 F.3d 1217, 1222 (11th Cir. 2020) ("The 'facts' at the summary judgment stage are not necessarily the true, historical facts; they may not be what a jury at trial would, or will, determine to be the facts.").

Back in 2022, Plaintiffs sued Defendants based on a dispute "which arose out of [Mr.] Pierson's work as an independent contractor for 413 Cabins, LLC." (Doc. 33-1 at 5; *see also id.* at 2–3 ¶¶ 7–9; *see also Pierson v. 413 Cabins, LLC*, case no.: 22-cv-742 (N.D. Ala.)). The parties settled their dispute and executed a settlement agreement. (*See* doc. 33-1). Under the agreement, 413 Cabins, LLC agreed to pay Plaintiffs $271,000 in exchange for Plaintiffs' full release, and the parties agreed to the following payment terms:

- 413 Cabins would pay $60,000 within seventy-two hours of receiving the signed settlement agreement.

- 413 Cabins would pay $51,000 within thirty-five days of receiving the signed settlement agreement.

- 413 Cabins would pay the remaining $80,000 in eight monthly payment installments.

(*Id*. at 5–6 ¶¶ 2(b)–(d)). The parties further agreed that:

- Each monthly payment was due "by the tenth day of each month beginning May 2023 and continuing through December 2023."

- If a monthly payment was late, "an interest rate of 1.5%" applied to the tardy payment.

- "Any [m]only [p]ayment that is thirty (30) or more days late, or any [m]onthly [p]ayment[] that is late for three (3) consecutive months shall constitute a material breach of this [a]greement . . . ."

(*Id*. at 6 ¶¶ 2(e)–(g)). Finally, the parties agreed that in the event of a material breach, Plaintiffs were entitled to seek specific performance of the agreement, attorney's fees, and other associated expenses. (*Id*. at 10 ¶ 15).

Defendants timely paid the first installment of $60,000. (*See* doc. 33-1 at 17; doc. 33-1 at 6 ¶ 2(b)). Defendants paid the second installment of $51,000 seven days late. (*See* doc. 33-1 at 17; doc. 33-1 at 6 ¶ 2(c)). Defendants paid the next four installments anywhere from twenty-four to sixty-nine days late and without the applicable interest. (*See* doc. 33-1 at 17; doc. 33-1 at 6 ¶¶ 2(e)–(f); doc. 33-2 at 6) (testifying that Defendants owe "some interest"). And the evidence the parties have submitted indicates Defendants have not made the remaining four payments. (*See* doc. 33-1 at 17; doc. 33-1 at 3 ¶ 11; *see also* doc. 33-2 at 6, 9; *but see* doc. 38 at 2

3

n.1). In briefing, without evidentiary support, Defendants assert that they made a payment of $20,000 on May 19, 2024. (Doc. 38 at 2 n.1).

## II. DISCUSSION

Plaintiffs assert one claim for Defendants' breach of the parties' settlement agreement (doc. 5 ¶¶ 15–19) and now assert that they are entitled to summary judgment on that claim (*see* docs. 32, 36). Summary judgment is appropriate when a movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The settlement agreement contains a choice of law provision, providing that Alabama law applies to the enforcement of its terms. (*See* doc. 33-1 at 11 ¶ 20). Under Alabama law, "[t]he elements of a breach-of-contract claim . . . are (1) a valid contract binding the parties; (2) . . . [P]laintiffs' performance under the contract; (3) . . . [D]efendant[s'] nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 490 (Ala. 2020) (quotation marks omitted). None of these elements are in dispute.

The parties entered a settlement agreement, and Defendants neither challenge the validity of that agreement nor its binding effect. (*See* doc. 33-1 at 5–16; doc. 33-2 at 3, 6; *see also* doc. 38 at 2) (presenting no challenge as to this element). Plaintiffs performed under the agreement by dismissing their case. (Doc. 33-1 at 3 ¶ 10; *see also* doc. 38 at 2) (presenting no challenge as to this element). Defendants breached

the agreement in two ways: first, by making four untimely payments without applicable interest and second, by failing to make the remaining four monthly payments. (*See* doc. 33-1 at 5–6 ¶¶ 2(b)–(f); *see also id*. at 17; doc. 33-2 at 3, 6; *see also* doc. 38 at 2) (presenting no challenge as to this element). And Defendants concede Plaintiffs have been damaged. (*See*, *e.g.*, doc. 33-2 at 6). Accordingly, the court **GRANTS** Plaintiffs' motion and **ENTERS SUMMARY JUDGMENT** in Plaintiffs' favor as to their breach of contract claim.

All that remains is the precise amount of damages to award Plaintiffs. Under the agreement, Plaintiffs are entitled to specific performance, attorney's fees, and any other damages "realized in connection with [Defendants'] breach." (Doc. 33-1 at 10 ¶ 15). Plaintiffs argue that they are entitled to $80,000 plus interest and seek leave to submit a request for attorney's fees. (*See* doc. 36 at 9). Defendants concede liability under the settlement agreement and concede that the agreement permits the recovery of damages, attorney's fees, and interest but argue that an award of "extra penalties [is] unjust." (Doc. 38 at 2). They also contend without supporting evidence that they made a $20,000 payment to Plaintiffs on May 10, 2024. (*Id*. at 2 n.1). Plaintiffs did not reply to this assertion.

Whether Plaintiffs are entitled to the full $80,000 is uncertain. The court therefore **DIRECTS** Plaintiffs to file an itemized summary of their damages, including: (1) which monthly payments remain overdue; and (2) the amount of

interest due under the contract. The court also **GRANTS** Plaintiffs leave to file their request for attorney's fees (doc. 36 at 9). Both filings are due on or before **August 7, 2024.** The court **DIRECTS** Defendants to respond to Plaintiffs' filings on or before **August 21, 2024.**

### III.   CONCLUSION

The court **GRANTS** Plaintiffs' motion (doc. 32) and **ENTERS SUMMARY JUDGMENT** in their favor. The court **GRANTS** Plaintiffs leave to file a request for attorney's fees and **DIRECTS** Plaintiffs to also file an itemization of all requested damages. The court **DIRECTS** Defendants to file a response to Plaintiffs' itemization of damages on or before **August 21, 2024.**

The court will enter a separate final judgment after determining the appropriate amount of damages.

**DONE** and **ORDERED** this July 31, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE